# Third District Court of Appeal
## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1801
Lower Tribunal No. 23-22834-CA-01
_____

**Maria Gonzalez Fernandez,**
Appellant,

vs.

**Dolphins Cycling Challenge, Inc., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Joseph Perkins, Judge.

Gerson & Schwartz, P.A., and Edward S. Schwartz and Philip M. Gerson, for appellant.

Kennedys CMK LLP, and Jedidiah Vander Klok, Alexander J. Fumagali, Sneh I. Patel, and Audrey Franklin, for appellees.

Before SCALES, C.J., and LINDSEY and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Rich v. Narog</u>, 366 So. 3d 1111, 1118 (Fla. 3d DCA 2022) (explaining that, where the nonmoving party bears the burden of proof on a dispositive issue at trial, the moving party need only demonstrate an absence of evidence to support the nonmoving party's case. Once the moving party satisfies this burden, "it is incumbent upon the nonmoving party to come forward with evidentiary material demonstrating that a genuine issue of fact exists as to an element necessary for the non-movant to prevail at trial"); <u>Ibarra v. Ross Dress for Less, Inc.</u>, 350 So. 3d 465, 467 (Fla. 3d DCA 2022) (citing Florida Rule of Civil Procedure 1.510(a) and holding that summary judgment will be granted where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); <u>Massage Envy Franchising, LLC v. Doe</u>, 339 So. 3d 481, 484 (Fla. 5th DCA 2022) ("[A] clickwrap agreement occurs when a website directs a purchaser or user to the terms and conditions of the sale and <u>requires</u> the user to click a box to acknowledge that they have read those terms and conditions. These agreements are generally enforceable.") (citation omitted); <u>see generally</u> <u>Miami Dolphins, Ltd. v. Engwiller</u>, 410 So. 3d 685 (Fla. 3d DCA 2025).